**RYAN RAPP PACHECO SORENSEN** PLC

3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012
(602) 280-1000
(602) 265-1495 Fax
Christopher T. Rapp, AZ State Bar No. 013374
Email: CTRapp@rrpklaw.com
Shaheen P. Torgoley, AZ State Bar No. 024791
Email: STorgoley@rrpklaw.com
*Attorneys for Defendant David Kitaeff*

**LAW OFFICES OF RHONDA NEFF, PLLC**
Rhonda Elaine Neff, AZ State Bar No. 029773
3200 N. Central Ave., Suite 2250
Phoenix, Arizona 85012
(602) 704-2041
(602) 654-1233 Fax
Email: rhonda@rhondanefflaw.com
*Attorneys for Defendant David Kitaeff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | **Case No.: CR-24-00750-PHX-GMS** |
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE** |
| David Charles Kitaeff, | |
| Defendant. | (Defendant Not in Custody) |

Defendant David Kitaeff ("David" or "Kitaeff"), by and through undersigned counsel and pursuant to 18 U.S.C. § 3553(a), hereby submits his Sentencing Memorandum for this Court's consideration at the sentencing scheduled for November 10, 2025. This Memorandum outlines Defendant's background, acceptance of

responsibility, and the circumstances surrounding his conduct. Mr. Kitaeff does not provide this information to excuse his conduct or diminish his acceptance of responsibility. Rather, this information is provided to assist the Court when considering the appropriate sentencing, including factors under 18 U.S.C. § 3553(a).

Mr. Kitaeff is asking this Court to consider a sentence of probation or, in the alternative, a sentence that will allow him to serve home confinement so that he can continue the extensive treatment he had been receiving, including sex offender treatment. Mr. Kitaeff's extensive treatment is discussed below. He has shown great improvement in both his mental health and sexual offender characteristics since entering treatment almost immediately after his arrest in this case. Mr. Kitaeff suffered undiagnosed mental health issues that played a role in the offense. However, Mr. Kitaeff was found to have pedophilic tendencies in this psychosexual risk assessment done by Dr. Tina Garby. Since starting treatment for his mental health and sexual offender characteristics, he has continued to move forward in a positive direction.

It is critically important that Mr. Kitaeff be permitted to continue in his treatment. A period in the Bureau of Prisons would remove him from treatment and could potentially set him back from the significant progress he has made. Additionally, prison is not needed as Mr. Kitaeff will continue to be under the supervision of the Probation Department for life and will continue to be monitored with sex offender terms. In the event of any violations, Mr. Kitaeff recognizes that he could be imprisoned. The grounds for this recommendation are included below.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PROCEDURAL BACKGROUND

On April 30, 2024, David Kitaeff was indicated by the grand jury on two counts: Count 1, Knowingly Receiving Child Pornography and Count 2, Knowingly Possessing Child Pornography. The dates of offense ranged between November 14, 2022, and November 8, 2023. Mr. Kitaeff was released on his personal recognizance with a requirement of home detention with electronic monitoring. On April 22, 2025, Mr. Kitaeff pled guilty to Count 2, Knowingly Possessing Child Pornography. Sentencing is set for November 10, 2025.

### II.    FACTUAL BACKGROUND

Mr. Kitaeff confirms the factual basis set forth in the Plea Agreement and the Presentence Report. Mr. Kitaeff accepts responsibility and makes no effort to excuse his illegal conduct in this case. He admits that he accessed and downloaded child pornography through his computer and a BitTorrent browser. He acknowledges that he had been viewing child pornography periodically over a period of many years – dating to his teenage years.  Mr. Kitaeff fully accepts responsibility for his conduct. He does not dispute any of the facts set forth in the Plea Agreement or the Presentence Report.

### III.    SENTENCING OPTIONS & RECOMMENDATION

The Presentence Report determined a Total Offense Level of 30 (97-121 months). This recommendation included upward departures based on the following specific offense characteristics:

Material Depicting Between 2-6 – 2 levels

Distribution/Utilization of File Sharing Software – 2 levels
Sadistic/Masochistic Conduct – 4 levels
Use of Computer – 2 levels
600+ Images – 5 levels

Mr. Kitaeff agrees with most of the enhancements. He has objected to two of the enhancements – distribution and sadistic/masochistic conduct. Mr. Kitaeff does not seek to mitigate his conduct. The basis for the objections is set forth in the Objections to the Presentence Report, so it is not addressed in this Memorandum. If both objections are granted, the Total Offense Level is 24 (51-63 months).

The Plea Agreement stipulates to a term of no greater than 72 months (6 years). It permits Mr. Kitaeff to argue for as low as probation. The Plea Agreement stipulates to lifetime supervised release with sex offender terms. The options for sentencing range from a term in the Bureau of Prisons to probation, including a potential split sentence or home confinement. In this case, based upon the information provided within this Memorandum, Mr. Kitaeff is requesting that this Court sentence him to probation to allow him to continue in the extensive treatment he has been engaged in since he was charged. Alternatively, Mr. Kitaeff is requesting that he be sentenced to home confinement. Mr. Kitaeff has been released to home confinement throughout this case and has continued to do well on release.

## IV.    VOLUNTARY SURRENDER

Mr. Kitaeff is a good candidate for self-surrender in the event a prison term is ordered. Mr. Kitaeff has appeared at all hearings, has complied with the directives of Pretrial Services, and continues to be in good communication with counsel. Although

1  there is a presumption of detention, Mr. Kitaeff's ongoing treatment and compliance

2  warrant an exception. He is not a flight risk or a danger to the community.

3  **V.    ANALYSIS OF OFFENSE AND PERSONAL CHARACTERISTICS – FACTORS**
4  **UNDER § 3553(A).**

5  The Court is fully aware of the consideration under *United States v. Booker*, 543

6  U.S. 220 (2005) and 18 U.S.C. § 3553. As such, Mr. Kitaeff will not provide a detailed

7  analysis of the relevant cases and statutes in this Sentencing Memorandum. These factors

8  are further supported by the submission of character letters being submitted to the Court

9  on Mr. Kitaeff's behalf.

10  A significant amount of the information provided below comes from several

11  evaluations that have been completed on Mr. Kitaeff. Mr. Kitaeff understands that the

12  diagnoses and evaluations are personal in nature and maintain confidential information

13  not suitable for public viewing. Mr. Kitaeff is providing a copy to the Court requested to

14  be put under seal. A downward departure under § 5H1.3 is requested due to Mr. Kitaeff's

15  mental and emotional condition rise to an unusual degree when reviewed cumulatively.

16  **A. <u>Nature and Circumstances of the Offense - § 3553(a)(1)</u>**

17  Mr. Kitaeff takes full responsibility for his actions. The conduct is deplorable,

18  disgusting, and completely unacceptable. There is no argument about that. Although Mr.

19  Kitaeff has a lot in his background that played a role in this offense, none of that

20  background is meant to mitigate the nature of circumstances of the offense.

21  Mr. Kitaeff did not delay in taking responsibility. In fact, Mr. Kitaeff was very

22  open and honest with law enforcement about his conduct. He admitted to viewing child

pornography and agreed to assist in providing information that would allow law enforcement to get access to the websites where he was downloading the information from. Importantly, Mr. Kitaeff provided his username and password to law enforcement for them to assume his identity on a dark web application that restricts new users. Mr. Kitaeff has never denied his conduct or tried to mitigate the illegality of his conduct. Mr. Kitaeff is remorseful and embarrassed by his actions.

Importantly, Mr. Kitaeff recognizes the extreme harm caused to the individual victims who are in these videos. As with many individuals engaged in this conduct, Mr. Kitaeff initially failed to think through the impact on the victims. However, through treatment, Mr. Kitaeff realized that he played in a major role in revictimizing these young individuals by downloading and viewing the traumatic acts these victims went through. He recognized that each time he watched one of the videos, it revictimized that young person. He understands that allowing these videos to be circulated and engaging in viewership of these videos breeds a market for individuals to continue to abuse young children. Mr. Kitaeff's goal is to use this as a platform to help stop the abuse of these young people by educating others of this harm.

In this case, Mr. Kitaeff's actions were limited to viewing and downloading the videos of child pornography (not production). That is not said to mitigate the harm to the victims. Rather, it is intended only to provide the Court with confirmation that Mr. Kitaeff never acted out in a physical way with anyone under the legal age. Mr. Kitaeff was given a polygraph as part of the Psychosexual Evaluation completed by Dr. Tina

Garby of Azure Services, LLC. The following questions were asked during the polygraph evaluation:

**<u>Pertinent Polygraph Examination Test Questions</u>**: Prior to the examination, all the questions on the test were reviewed and explained to Mr. Kitaeff. He was asked if he understood each question and its meaning. He answered by saying "YES".

During the examination, Mr. Kitaeff was asked the following relevant questions which he answered as indicated:

**Sub Test 1**

1) Since you turned 18, have you taken any sexual images of anyone age 17 or younger?

Response: No

2) Since you turned 18, have you shared any sexual images of anyone age 17 or younger?

Response: No

Results: The physiological responses recorded during the polygraph examination, as they relate to the above listed relevant questions, were indicative of No Significant Reactions. Questions other than those listed were used on the test to evaluate responses, but no decisions as to truth or deception were made to those questions.

**Sub Test 2**
1) Since you turned 18, have you had physical sexual contact with anyone age 14 or younger?

Response: No

2) Since you turned 18, have you sexually communicated with anyone you knew was age 14 or younger?

Response: No

**Results**: The physiological responses recorded during the polygraph examination, as they relate to the above listed relevant questions,

were indicative of No Significant Reactions. Questions other than those listed were used on the test to evaluate responses, but no decisions as to truth or deception were made to those questions.

**Result Definitions**: No Significant Reactions (NSR) means the threshold was met for the category of truthful. **(End of Polygraph report)**.

Garby Report at 18-19.

Dr. Garby determined that Mr. Kitaeff is a reliable self-reporter with respect to his history of sexual behaviors. Garby Report at 19. Mr. Kitaeff wants the Court and Government to know that he recognizes the harm he has caused to the unknown victims, his family, and everyone else who has suffered because of his actions. He accepts that his consequences will be the result of his own illegal conduct, and he does not push blame on anyone other than himself. He desperately wants to continue in treatment. Treatment has been a positive experience for him and something that has shown great improvement in him.

## B. <u>History and Characteristics of Defendant - § 3553(a)(1)</u>

<u>Personal Background</u>

Mr. Kitaeff was born in March 1993 to Martin and Barbara Kitaeff. He was raised by both parents in Scottsdale. He has three siblings. His family continues to be supportive of Mr. Kitaeff. They are also willing to ensure his participation in ongoing treatment. Martin Kitaeff has cancer. Mr. Kitaeff has continued to be a means of a support for his father through difficult cancer treatments. His father will continue in cancer treatment and will need additional support. Mr. Kitaeff continues to live with his mother.

<u>Educational and Employment History</u>

Mr. Kitaeff struggled in school when he was younger. As discussed more below, Mr. Kitaeff's struggles in school were connected to Autism Spectrum Disorder ("ASD") (formally Aspergers Syndrome). Despite the difficulties, Mr. Kitaeff was able to overcome the struggles, and he graduated high school and obtained a college degree. After graduating college, Mr. Kitaeff worked in the entertainment industry. He worked in audio engineering. Prior to his arrest, Mr. Kitaeff was employed at a college teaching audio. Mr. Kitaeff left that job due to the arrest. Throughout his adult life, Mr. Kitaeff was able to maintain solid employment when not in school.

<u>Autism Spectrum Disorder</u>

When he was roughly 4 or 5, Mr. Kitaeff was evaluated by Dr. Raun Melmed, the founder of the Southwest Autism Research and Resource Center. Mr. Kitaeff was diagnosed with Asperger's Syndrome (now Autism Spectrum Disorder).[1] In general, Autism Spectrum Disorder is characterized by challenges in social interaction and communication, including difficulty with social cues. Dr. Melmed recommended that Mr. Kitaeff be treated for Asperger's, including being placed in special classes to assist with symptoms. Mr. Kitaeff's mom reported that he was delayed in meeting developmental milestones. Mr. Kitaeff was too young to remember this. However, his mother and father declined to move forward with any of the recommendations for assistance. This was not uncommon during that time because of the stigma that was unfortunately placed on

---

[1] Due to the extended time since the diagnosis, no records remain of the diagnosis or recommendations that were made. The information provided to Dr. Garby and Dr. Walker is information provided from Mr. Kitaeff and his mother.

individuals who suffered with this diagnosis. However, the failure to treat Mr. Kitaeff had

long lasting consequences, including ongoing symptoms with autism.

Mr. Kitaeff was evaluated by Dr. John Walker on June 4, 2024. Over the past 30

years, the information around autism and the requisite diagnostic symptoms have

changed. Diagnosing adult autism is significantly more difficult. Dr. Walker opined that

Mr. Kitaeff continues to have a "fair amount" of symptoms of Autism Spectrum

Disorder; however, on the testing he did not meet the cutoff for an adult diagnosis. Dr.

Walker noted that Mr. Kitaeff "shares strong symptomology nearly approaching mild

Autism Spectrum Disorder." Walker Report at 6. Specifically, Dr. Walker's report states:

> Specific to the Autism Quotient, an Autism Spectrum Disorder
> screening instrument, Mr. Kitaeff produced a score of 24. A score of
> 25 would place him in a mild autism range. This simply indicates
> that while Mr. Kitaeff may not, at this point, formally meet criteria
> for an Autism Spectrum Disorder, he shares strong symptomatology
> nearly approaching mild Autism Spectrum Disorder.

Research continues to be done on the relationship between autism and sexual

offenders. Counsel for Mr. Kitaeff was unable to get anything concrete confirming the

link, but it is apparent interpretation on the issue varies. In an informal conversation with

Dr. Melmed, he believes that a link may exist. There is at least one study that looked at

people with Autism Spectrum Disorder that do offend sexually.[2] It looked at offenders

and found the lack of social skills to be a contributing factor. Child pornography was one

---

[2] Anna Margari, *et al*, Autism spectrum disorder (ASD) and sexual offending: A systematic review, Neuroscience and Biobehavioral Reviews, 162 (2024) 105687.

of the specific offenses that were committed by individuals with Autism Spectrum Disorder.

It is unknown to what extent, if any, Mr. Kitaeff's untreated child autism had on this offense. However, it is reasonable to assume that it played at least a small part in why this offense happened.

<u>Unspecified Anxiety and Depressive Disorder</u>

Mr. Kitaeff has suffered with depression and anxiety his whole life. There were periods when it was better or worse. The bad bouts of depression usually coincided with an uptick in viewing pornography. Mr. Kitaeff recognized his affliction but did not know how to address it. Mr. Kitaeff was able to maintain normal adult relationships for the most part but was socially awkward. In fact, Mr. Kitaeff was in a serious relationship and engaged. The relationship ended prior to his arrest. Mr. Kitaeff was never treated for depression or anxiety. In Dr. Walker's report, it was noted that he had ongoing periods of depression that led to difficulties in familial and personal relationships. Walker Report at 2. Dr. Walker noted that Mr. Kitaeff "reported that he is prone to miscommunication with friends and family members, presumably due to some of his Autism Spectrum/Asperger symptomology that could lead to more challenges in his relationships." Id.

After his arrest, Mr. Kitaeff experienced suicidal ideations and was admitted to Aurora Behavioral Health for roughly 10 days. During that time, he was diagnosed with Bi-polar Disorder. Mr. Kitaeff was submitted for evaluation to Dr. Walker by counsel. Dr. Walker disagreed with a diagnosis of Bi-polar Disorder. Mr. Walker opined that based on testing, Mr. Kitaeff had unspecified anxiety disorder and unspecified depressive

disorder. Walker Report at 6-7. The recommendation was to engage in ongoing psychiatric treatment and to continue in cognitive behavioral psychotherapy. Based on these recommendations, Mr. Kitaeff began treatment with Dr. Joel Parker who he continues to see.

Psychosexual Evaluation

Mr. Kitaeff voluntarily submitted to a psychosexual evaluation with Dr. Tina Garby back in July 2024. Mr. Kitaeff participated fully in the evaluation and was honest with Dr. Garby about his affliction and his past. Dr. Garby prepared a thorough evaluation that has been provided to the Government, Pretrial Services, and this Court (under seal). Dr. Garby's evaluation shows that Mr. Kitaeff has pedophilic interests that need to be addressed. However, it also shows that Mr. Kitaeff is motivated for treatment. Her report indicated:

> **Evaluation of Mr. Kitaeff's need and/or amenability for treatment and prognosis for intervention if appropriate**:
>
> Mr. Kitaeff's PAI results indicate his "interest in and motivation for treatment is typical of individuals being seen in treatment settings, and he appears more motivated for treatment than adults who are not being seen in a therapeutic setting. His responses suggest an acknowledgement of important problems and the perception of a need for help in dealing with these problems. He reports a positive attitude towards the possibility of personal change, the value of therapy, and the importance of personal responsibility. In addition, he reports a number of other strengths that are positive indications for a relatively smooth treatment process and a reasonably good prognosis."
>
> Given his pedophilic interests, this writer recommended Mr. Kitaeff continue to participate in treatment to develop ways to avoid reinforcing sexual arousal to children and avoid viewing CSAM. Based on the summary from Dr. Pondell, it appears he has been

making progress in developing adaptive coping skills for his negative emotions, identifying what factors led to him viewing CSAM, and taking responsibility for his behaviors. Given his positive response and progress in treatment, he is likely to continue to have a positive treatment outcome.

Garby Report at 22.

Dr. Garby's report is thorough and has critical information for the Court's consideration. Most importantly, Mr. Kitaeff is not "exclusively sexually aroused to children. He is participating in treatment and making progress. He is motivated to avoid reinforcing sexual arousal to children." Id. at 23. Dr. Garby's evaluation set forth requirements and safeguards that should be put in place for his treatment and long-term management, including the necessity for continued therapy. Id. at 23-24. Mr. Kitaeff agrees with these requirements.

Treatment Since Offense

Mr. Kitaeff admitted to Dr. Tina Garby, Dr. John Walker, Dr. Joel Parker, Dr. Nicole Pondell, and Julie Rake. that he had been viewing child pornography since he was roughly 14-15 years old. Mr. Kitaeff also viewed adult pornography from a young age. Mr. Kitaeff starting viewing pornography with a friend member around the time he was 12. Mr. Kitaeff had a sexual interaction with this individual that was uncomfortable and unwanted. Since being arrested for this offense, Mr. Kitaeff has put all his focus into getting treatment. Mr. Kitaeff desired treatment much earlier but was unsure how to seek it. There was a fear that if he sought treatment much earlier, the therapist would not treat him and would, instead, report him to law enforcement as a mandatory reporter.

Mr. Kitaeff immediately began seeking necessary treatment after his arrest. This was not a ploy for better sentencing. It was a genuine desire for help – something he had previously been unaware about how to approach. He underwent evaluations by Dr. Tina Garby (psychosexual) and Dr. John Walker (neuropsychological). He immediately (in June 2024) started in sex offender treatment with Dr. Nicole Pondell. Dr. Pondell also provides general therapy related to his depression and anxiety. He has continued to see Dr. Pondell usually two days a week for two hours each beginning June 27, 2024, and continuing forward.  The treatment with Dr. Pondell is intensive treatment focused on his sexual behaviors. Dr. Pondell is addressing the concerns raised by Dr. Garby, who she works with regularly. Dr. Pondell has consistently stated it is imperative that Mr. Kitaeff stay in and continue therapy. He has made great progress and continues to move forward in a positive manner. However, Mr. Kitaeff needs continued intensive sex offender treatment. A break in the treatment that he has been ongoing would have negative effects on him.

In addition, Mr. Kitaeff began seeing Dr. Joel Parker as a psychiatrist. Dr. Parker continues to treat Mr. Kitaeff for psychological issues, including medication management connected to anxiety, depression and post-traumatic stress syndrome. The medication management by Dr. Parker has shown great improvement in Mr. Kitaeff.

Mr. Kitaeff began seeing Julie Rake, MSPAS PA-C, in April 2025. Mr. Kitaeff's current treatment team recommended that he see someone who has special training in PTSD and who could provide more holistic treatment overall. This treatment is in addition to the treatment he continues to receive from Dr. Parker and Dr. Pondell. Mr.

Kitaeff sees Ms. Rake approximately once a week. She continues to address his hypervigilance and overactive nervous system and symptoms connected to trauma. Her treatment is helping Mr. Kitaeff find coping mechanisms to address his anxiety and sleep issues, among others. As with Dr. Pondell, Ms. Rake has seen a significant shift in Mr. Kitaeff's thinking and his impact on the victims.

Mr. Kitaeff has voluntarily submitted himself to treatment. He wants the treatment, and he understands that he needs the treatment. It has been beneficial for him. Mr. Kitaeff understands that his sentence in this case will come with a requirement for lifetime supervised release and treatment. He welcomes the ongoing treatment. However, he is concerned about any lapse in that treatment that a prison term would require. Based on input from his providers, it is also their recommendation that he continue in treatment – whether it be with them or another provide mandated by the Probation Department.

*Prior Criminal History*

Mr. Kitaeff has no prior criminal history. He is a Category I under the Sentencing Guidelines.

C. **Need for Sentence Imposed - § 3553(a)(2)(A)-(D)**

This Court must consider as part of the sentencing, the need for the sentence imposed. 18 U.S. Code § 3553(a)(2). That includes an analysis of a sentence that reflects the seriousness of the offense, that promotes respect for the law, and to provide just punishment. § 3553(a)(2)(A). A sentence that affords deterrence to criminal conduct – both individually and as to others. § 3553(a)(2)(B). A sentence that protects the public

from further crimes of the defendant. § 3553(a)(2)(C). Finally, a sentence that provides the defendant with needed services, including treatment. § 3553(a)(2)(D).

Probation will be sufficient but not greater than necessary to fulfill the sentencing purposes. Mr. Kitaeff has been on release since May 10, 2024. He has been doing well on release. There was one incident while on release where he took an anxiety medication that belonged to his mother without first getting a prescription for it. It was a one-time mistake that Mr. Kitaeff recognized was significant. Mr. Kitaeff did later seek a prescription for the medication from Dr. Parker, and it was approved. Mr. Kitaeff has otherwise continued to abide by all conditions of release.

Mr. Kitaeff understands the seriousness of the offense. There is no dispute that in many of these cases, prison is warranted. Had Mr. Kitaeff not taken the significant steps to get treatment, prison may well be warranted. However, unlike most others in his situation, he took immediate action. There was never a point where he denied his offense, where he argued against the illegality of his actions, or where he attempted to mitigate his wrongdoing. He fully accepted it and wanted to get treatment. A prison term will only cause harm. It will remove him from the intensive treatment he has been receiving. It will set his progress in reverse. Allowing him to remain out on probation or home confinement will serve as both a punishment and a check on his behavior.

The Government does not usually enter into a Plea Agreement on these cases where probation is an option. The only reason it happened in this case is because Mr. Kitaeff embraced treatment and has continued to move forward in a positive direction. A

sentence to probation or, alternatively, home confinement is appropriate due to the circumstances of this particular case.

It promotes respect for the law and provides just punishment. It also showcases the importance of acceptance of responsibility. It shows willingness to get treatment is a benefit. It rewards someone who has fought so hard to do the right thing since his arrest, while showing others that absent that hard work prison is appropriate. Mr. Kitaeff is not a risk to public safety. There is no dispute that left untreated, he could be a threat to public safety. However, his treatment has removed that risk and ongoing treatment and supervision will ensure that risk remains minimal.

The big factor to consider here is a sentence that provides Mr. Kitaeff with needed services, including treatment. He is already undergone significant sex offender treatment, mental health treatment, and personal therapy. Breaking that treatment cycle to put him in prison has no benefit. There are not ongoing treatment opportunities in prison. While they are some minimal treatment options in prison, they are not sufficient to ensure the positive progression he has shown over the past approximately year and a half. Continuing probation or home confinement will give him the ability to continue in treatment at the direction and with the oversight of the Probation Department.

## VI.    CONCLUSION

Based on the foregoing, Mr. Kitaeff is respectfully requesting that Mr. Kitaeff be sentenced to lifetime probation with sex offender terms or, alternatively, to home confinement followed by life supervised release.

RESPECTFULLY SUBMITTED this 27th day of October, 2025.

**RYAN RAPP PACHECO SORENSON, PLC**

/s/ *Christopher T. Rapp*
Christopher T. Rapp, Esq.

**LAW OFFICES OF RHONDA NEFF, PLLC**

By *s/Rhonda Neff*
Rhonda Neff, Esq.

*Attorneys for David Charles Kitaeff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025, I electronically transmitted the Sentencing Memorandum to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Gayle L. Helart, Esq.
Assistant U.S. Attorneys
United States Attorney's Office

By: /s/ *JinHee Pak*